IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TRAVELERS CASUALTY AND SURETY
COMPANY, et al.                                                      PLAINTIFFS

V.                                        CIVIL ACTION NO. 2:13-CV-136-KS-MTP

MISSISSIPPI VALLEY SILICA COMPANY,
INC., et al.                                                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiff's Motion for Default
Judgment [12].

### I. BACKGROUND

This is an insurance coverage declaratory judgment action arising from a
silicosis lawsuit in the Circuit Court of the Second Judicial District of Jones County,
Mississippi. Plaintiffs issued liability insurance policies to Defendant Mississippi
Valley Silica Company, Inc. In 2007, Defendant Gwendolyn Reeves filed a lawsuit
against Mississippi Valley alleging that her husband died from exposure to its
products.

Plaintiffs defended Mississippi Valley under a reservation of rights, but before
trial they notified Mississippi Valley that they would not provide indemnity for any
damages that may be awarded to Reeves. The jury returned a verdict for Reeves and
found damages of $1,649,464.40. The Circuit Court assigned 50% of the total liability
to Mississippi Valley and entered a judgment against it in the amount of $874,732.20.

The judgment is currently on appeal.

Plaintiffs filed this action after the trial. They named both Mississippi Valley and Reeves as Defendants and seek a declaratory judgment that the policies do not provide coverage because Mr. Reeves' injuries were caused by exposure outside the policy periods. Alternatively, they seek a declaratory judgment that they are only responsible for a pro rata share of damages based on the number of years they provided coverage to Mississippi Valley.

Both Reeves and Mississippi Valley were served with process on June 27, 2013 [8, 9]. Reeves filed on Answer [6] on July 12, 2013, but Mississippi Valley provided notice [12-2] to all counsel that it did not intend to defend itself because it had no assets beyond the right to have creditors covered under insurance policies. Mississippi Valley, therefore, did not file a responsive pleading.

Plaintiff eventually filed a Motion [7] for an entry of Mississippi Valley's default, and the Clerk entered the default [10] on August 6, 2013. On October 8, 2013, Plaintiff filed a Motion for Default Judgment [12] against Mississippi Valley. Reeves notified the Court that she wanted to file a response to the motion. The Court set a briefing schedule, and the motion is ripe for review.

## II. DISCUSSION

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in

default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of . . . securing a trial upon the merits." *Id.*

Reeves argues that she has standing to contest Mississippi Valley's default because she – Mississippi Valley's judgment creditor – is a third-party beneficiary of the subject insurance policies. She cites *Lewis v. Allstate Ins. Co.*, 730 So. 2d 65, 71 (Miss. 1998), in which the Mississippi Supreme Court noted: "[I]f an insurance company can conduct a declaratory action regarding coverage prior to resolution of an underlying wrongful death trial, then the insureds and third party beneficiaries should be able to raise the coverage question in the underlying lawsuit as well." It is unclear whether this dicta was "meant to be an outright abolition of the prohibition against direct actions or whether *Lewis* is meant to be a mere relaxation of the traditional rule" that injured third parties may not proceed directly against a tortfeasor's liability insurer. Jeffrey Jackson, *Mississippi Insurance Law & Practice* § 19:4 (2013). Regardless of the particulars, *Lewis* is sufficient to demonstrate that an injured third party has *some* standing under Mississippi law to defend an insured tortfeasor's coverage interest.

A Fifth Circuit case, *Dairyland Insurance Company v. Makover*, 654 F.2d 1120

(5th Cir. 1981), is also instructive. In pertinent part, Knauer drove a car insured by Dairyland, and he collided with a car driven and owned by the Makovers. *Id.* at 1122. Dairyland sought a declaratory judgment that Knauer was not covered because he did not have permission to use the car at the time of the accident. *Id.* It named the Makovers and Knauer as defendants. *Id.* At trial, a jury found that Knauer did not have permission to use the car. *Id.* The district court denied the Makovers' post-trial motions, and the Makovers appealed. *Id.*

Dairyland argued on appeal that the Makovers lacked "standing to appeal because they were merely nominal defendants . . . ." *Id.* at 1123. The Fifth Circuit observed that Dairyland, the insurer, "apparently thought that the Makovers' interest was sufficiently affected to name them as defendants." *Id.* The Court continued: "In a declaratory judgment action brought by an insurer to determine coverage under a liability policy issued to the insured, third parties claiming liability in state tort suits against the insured have been held to be proper parties to the declaratory suit, even though their claims against the insurer [were] contingent upon recovery of a judgment against the insured." *Id.* Accordingly, the Makovers, "as potential judgment creditors claiming liability in a state court tort suit against the putative insured, ha[d] standing to appeal the judicial declaration that the policy of insurance issued by Dairyland does not cover the putative insured." *Id.*

Here, Reeves' interest in Plaintiffs' claims against Mississippi Valley is even less attenuated than the third parties' interest in *Dairyland*. Reeves is not merely a *potential* judgment creditor; she obtained a judgment against Mississippi Valley for a

substantial amount of damages. It would simply be inequitable to foreclose what is likely her only means of recovery – particularly in light of Mississippi Valley's apparent unwillingness and inability to defend itself. Both Mississippi and Fifth Circuit law provide support for her standing to defend Mississippi Valley's coverage interest. *Dairyland*, 654 F.2d at 1123; *Lewis*, 730 So. 2d at 71. Accordingly, the Court concludes that an entry of default judgment against Mississippi Valley would be inappropriate.[1]

### III. CONCLUSION

For the reasons stated above, the Court **denies** Plaintiff's Motion for Default Judgment [12].

SO ORDERED AND ADJUDGED this 14th day of November, 2013.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE

---

[1]Reeves' response [14] to Plaintiff's Motion for Default Judgment could arguably be construed as a motion to set aside Mississippi Valley's default. But Local Rule 7 provides: "A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." L.U.Civ.R. 7(b)(3).